Slip Op. 10-9

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRESITEX USA INC., | : |
| Plaintiff, | : |
| v. | : Before: WALLACH, Judge |
| | : Court. No.: 08-00379 |
| UNITED STATES, | : |
| Defendant. | : **PUBLIC VERSION** |

[Defendant's Motion to Dismiss is GRANTED.]

Dated:        January 26, 2010

<u>Peter S. Herrick, P.A.</u> (<u>Peter S. Herrick</u>) for Plaintiff Presitex USA Inc.

<u>Tony West</u>, Assistant Attorney General; <u>Barbara S. Williams</u>, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Justin R. Miller</u>); and <u>Chi S. Choy</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Of Counsel, for Defendant United States.

## <u>OPINION</u>

**Wallach, Judge:**

## I
## INTRODUCTION

This action arises after nearly three years of correspondence between Plaintiff Presitex USA Inc. ("Presitex") and United States Customs and Border Protection ("Customs") regarding the classification of certain apparel that Presitex imported from Nicaragua in 2005. Pursuant to Rules 12(b)(1) and 12(b)(5) of the United States Court of International Trade, Defendant United States ("Defendant") has moved to dismiss this action "for lack of jurisdiction over the subject

matter" and "for failure to state a claim upon which relief can be granted." Defendant's

Memorandum in Support of Its Motion to Dismiss ("Defendant's Motion") at 1.  Because this

court lacks jurisdiction over Presitex's 19 U.S.C. § 1520(d) claim and will not exercise whatever

jurisdiction it may have over Presitex's unripe 19 U.S.C. § 4034 claim, Defendant's motion is

GRANTED and this action is dismissed in its entirety.

## II
## BACKGROUND

In September 2005, Presitex[1] filed entry summaries and paid estimated duties of 16.6

percent ad valorem at the Port of Los Angeles-LAX for seven entries ("the subject entries") of

apparel from Nicaragua ("the subject goods") that it classified under subheading 6204.62.40 of

the Harmonized Tariff Schedule of the United States ("HTSUS"). See Defendant's Motion Ex. 1:

Entry Summaries for Entry Nos. HSY 1020712-4, HSY 1020612-6, HSY 1020453-5, HSY

1020655-5, HSY 1020663-9, HSY 1020664-7, and HSY 1020671-2 ("Entry Summaries").

In February 2006, Presitex reclassified the subject goods under HTSUS subheading

9820.11.27 in order to obtain the duty-free treatment provided by the United States-Caribbean

Basin Trade Partnership Act, Trade and Development Act of 2000, Title II, P.L. 106-200, 114

Stat. 251 (May 18, 2000) ("CBTPA"). See Defendant's Motion Ex. 3: Post Summary

Adjustment Coversheets for Entry Nos. HSY 1020712-4, HSY 1020612-6, HSY 1020453-5,

HSY 1020655-5, HSY 1020663-9, HSY 1020664-7, and HSY 1020671-2 ("Post Summary

---

[1] Presitex acted through its customs broker up to and including its March 2007 protest
and through its counsel from its May 2008 protest onward.

Adjustment Coversheets").[2]  The Post Summary Adjustment Coversheets submitted to Customs

for this purpose made legal reference only to HTSUS, CBTPA, and 19 U.S.C. § 1520(c). See

Post Summary Adjustment Coversheets.  19 U.S.C. § 1520(c) is a provision concerning

reliquidation that Congress had repealed in 2004. See Miscellaneous Trade and Technical

Corrections Act of 2004, P.L. 108-429, 118 Stat. 2434 (December 3, 2004).

Customs rejected Presitex's reclassification by notating the Post Summary Adjustment

Coversheets on receipt with "Disagree.  Cutting & sewing done in China, so CBTPA does not

apply." Post Summary Adjustment Coversheets.  In July 2006, Customs liquidated the subject

entries at the original duty rate of 16.6 percent ad valorem. Defendant's Motion at 3.

In March 2007, Presitex protested Customs' adjustment decisions on the ground that

"cutting & sewing was done in Nicaragua." U.S. Customs and Border Protection, Protest Nos.

2720-07-100148, 2720-07-100149, 2720-07-100150, 2720-07-100151, 2720-07-100152, 2720-

07-100153, and 2720-07-100154 (March 26, 2007).  Customs denied each protest on receipt as

"[u]ntimely filed". Id.  More than one year later, Presitex filed another protest covering all seven

adjustment decisions. See U.S. Customs and Border Protection, Protest No. 2720-08-100289

(May 27, 2008).  Customs again denied this protest on receipt as untimely. See id.

In July 2008, Presitex sent a letter to Customs requesting reliquidation of the subject

entries and "refunds of duty and interest . . . pursuant to 19 U.S.C. § 1520(d)." Defendant's

Motion Ex. 4: Letter from Peter S. Herrick to Port Director, U.S. Customs and Border Protection

(July 17, 2008) ("July 2008 Letter") at 1.  19 U.S.C. § 1520(d) permits reliquidation of

---

[2] A "Post Summary Adjustment coversheet" is the form on which an importer submits a
Supplemental Information Letter and Post Entry Amendment ("SIL/PEA"). See Defendant's
Motion Ex. 2: U.S. Customs and Border Protection, Submission Changes for Supplemental
Information Letters and Post Entry Amendments.

qualifying goods in accordance with legislation implementing certain free trade agreements, including the Dominican Republic-Central America-United States Free Trade Agreement ("CAFTA-DR"). See 19 U.S.C. § 1520(d); see also infra Part IV.A.

Customs received Presitex's letter at the Port of Long Beach and treated it as a protest. See July 2008 Letter; Defendant's Motion at 4.  In September 2008, Customs directed Presitex to withdraw the letter and resubmit it at the Port of Los Angeles-LAX, the port at which the subject goods had been entered. See Defendant's Motion at 5.  When Presitex resubmitted the letter that month, Customs returned it with an "insufficiency notice" explaining that Presitex's two previous protests were untimely and noting a "[p]ossible issue for the Court of International Trade." Plaintiff' [sic] Memorandum in Support of Its Opposition to Defendant's Motion to Dismiss ("Plaintiff's Response") Ex. A: Letter from Peter S. Herrick to Port Director, U.S. Customs and Border Protection (September 8, 2008) ("September 2008 Letter"); Plaintiff's Response Ex. B: U.S. Customs and Border Protection, Insufficiency Notice (September 26, 2008).  Presitex commenced this action in October 2008 and asserted jurisdiction under 28 U.S.C. § 1581(i). See Complaint for Damages (October 27, 2008).

On April 8, 2009, Presitex submitted an "administrative request for the retroactive application of [CAFTA-DR's] tariff provisions" to the subject entries pursuant to the Customs regulation implementing 19 U.S.C. § 4034. See Plaintiff's Ex. E: Letter from Peter S. Herrick to Port Director, U.S. Customs and Border Protection (April 8, 2009) ("April 2009 Letter") at 1 (citing 19 C.F.R. § 10.625).[3]  19 U.S.C. § 4034 "provides for the retroactive application of [CAFTA-DR] and payment of refunds for any excess duties paid with respect to entries of textile

_____

[3] This request is also addressed to Customs at the Port of Long Beach rather than at the Port of Los Angeles-LAX. See April 2009 Letter.

4

and apparel goods of eligible CAFTA-DR countries that meet certain conditions and

requirements." 19 C.F.R. § 10.625(a). Presitex's April 2009 request was still pending before

Customs as of August 28, 2009. Defendant's Reply Memorandum in Support of Its Motion to

Dismiss ("Defendant's Reply") at 7.[4]

 The dispute between Presitex and Customs occurred within an evolving legal framework.

In August 2005, Congress amended 19 U.S.C. § 1520(d) to reflect CAFTA-DR and enacted 19

U.S.C. § 4034. See Dominican Republic-Central America-United States Free Trade Agreement

Implementation Act, P.L. 109-53, 119 Stat. 462 (August 2, 2005) ("CAFTA-DR Act"). In April

2006, CAFTA-DR entered into force with respect to Nicaragua. See Proclamation 7996 of

March 31, 2006 To Implement the Dominican Republic-Central America-United States Free

Trade Agreement With Respect to Honduras and Nicaragua, 71 Fed. Reg. 16,971 (April 4, 2006)

("Proclamation 7996"); Defendant's Motion Ex. 6: Press Release, U.S. Trade Representative,

Statement of USTR Portman Regarding Entry Into Force of the U.S. - Central America -

Dominican Republic Free Trade Agreement (CAFTA-DR) for Honduras and Nicaragua (March

31, 2006). As a result, Nicaragua no longer qualified as a CBTPA country for the purposes of

CBTPA. See Proclamation 7996, 71 Fed. Reg. at 16,971. On January 1, 2009, CAFTA-DR

entered into force with respect to Costa Rica, the final state party. See Proclamation 8331 of

December 23, 2008 To Implement the Dominican Republic-Central America-United States Free

Trade Agreement With Respect to Costa Rica and for Other Purposes, 73 Fed. Reg. 79,585

(December 23, 2008); Press Release, U.S. Trade Representative, Statement of U.S. Trade

---

 [4] The parties have not apprised this court of any subsequent developments with respect to
Presitex's April 2009 request.

Representative Susan C. Schwab Regarding Entry into Force of the CAFTA-DR for Costa Rica (December 23, 2008).[5]

## III
## STANDARD OF REVIEW

In deciding a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047 (1998) (quoting Gould, Inc. v. United States, 935 F.2d 1271 (Fed. Cir. 1991)).

"Dismissal for failure to state a claim upon which relief can be granted is proper if the plaintiff's factual allegations are not 'enough to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Int'l Customs Prods., Inc. v. United States, 549 F. Supp. 2d 1384, 1389 (CIT 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); cf. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).

When a court's jurisdiction is challenged, "[t]he party seeking to invoke . . . jurisdiction bears the burden of proving the requisite jurisdictional facts." Former Employees of Sonoco

---

[5] Presitex states that CAFTA-DR entered into force with respect to Costa Rica on January 14, 2009. Plaintiff's Response at 2. January 14, 2009 is the date on which the U.S. Trade Representative provided notice of its "determination that Costa Rica is an eligible country for purposes of retroactive duty treatment as provided in [19 U.S.C. § 4034]." Determination of Eligibility for Retroactive Duty Treatment Under the Dominican Republic-Central America-United States Free Trade Agreement, 74 Fed. Reg. 2,142, 2,142 (January 14, 2009).

Prods. Co. v. United States, 27 CIT 812, 814, 273 F. Supp. 2d 1336 (2003) (citing McNutt v.

Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

## IV
## DISCUSSION

Presitex asserts that this court has jurisdiction under 28 U.S.C. § 1581(i) and appears to

claim two independent legal bases for the customs duty refunds that it ultimately seeks. See

Plaintiff's Response at 2-7.[6]  These legal bases are 19 U.S.C. § 1520(d), as implemented by 19

C.F.R. § 10.590, and 19 U.S.C. § 4034, as implemented by 19 C.F.R. § 10.625.  Presitex's claim

under 19 U.S.C. § 1520(d) fails because it falls outside this court's jurisdiction under 28 U.S.C. §

1581(i). See infra Part IV.A.  Presitex's claim under 19 U.S.C. § 4034 fails because it is not ripe.

See infra Part IV.B.  Contrary to Presitex's apparent assertion, nothing in the Customs

Modernization Act mitigates either of these threshold deficiencies. See infra Part IV.C.

## A
## Presitex's 19 U.S.C. § 1520(d) Claim Falls Outside This Court's Jurisdiction Under 28 U.S.C. § 1581(i)

19 U.S.C. § 1520(d) permits Customs to "reliquidate an entry to refund any excess duties

. . . paid on a good" if the good qualified under the CAFTA-DR Act's rules of origin "at the time

of importation," the importer files a claim "within 1 year after the date of importation," and both

the entry and the claim meet certain other requirements. 19 U.S.C. § 1520(d); see also 19 C.F.R.

§ 10.590.  Such reliquidation may occur "[n]otwithstanding the fact that a valid protest was not

filed." 19 U.S.C. § 1520(d).  However, the refusal to reliquidate pursuant to 19 U.S.C. § 1520(d)

---

[6] Presitex erroneously conflates these bases. See, e.g., Plaintiff's Response at 2-3, 4, 5, 6.

is itself a protestable decision. 19 U.S.C. § 1514(a)(7).  19 U.S.C. § 1520(d) makes no reference to CBTPA. <u>See</u> 19 U.S.C. § 1520(d).

Presitex cannot invoke this court's jurisdiction under 28 U.S.C. § 1581(i) in order to challenge the denial of its 19 U.S.C. § 1520(d) request.  Jurisdiction under 28 U.S.C. § 1581(i) "may not be invoked when jurisdiction under another subsection of [28 U.S.C. § 1581] is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." <u>Int'l Custom Prods., Inc. v. United States</u>, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (quoting <u>Norcal/Crosetti Foods, Inc. v. United States</u>, 963 F.2d 356, 359 (Fed. Cir. 1992)).  The "refusal to reliquidate an entry under" 19 U.S.C. § 1520(d) is susceptible to the filing of a protest. 19 U.S.C. § 1514(a)(7).  Jurisdiction to review the denial of such a protest is in turn available under 28 U.S.C. § 1581(a). <u>See</u> 28 U.S.C. § 1581(a); <u>see also</u> <u>Thomson Consumer Elecs., Inc. v. United States</u>, 247 F.3d 1210, 1214 (Fed. Cir. 2001) (discussing exhaustion of administrative remedies).  Plaintiff concedes that "the denial of a claim under [19 U.S.C. § 1520(d)] is a protestable decision" and does not dispute the adequacy of this remedy. Plaintiff's Response at 5.[7]  For these reasons, jurisdiction is not available under 28 U.S.C. § 1581(i).

Even if Presitex had exhausted its administrative remedies and then commenced an action under 28 U.S.C. § 1581(a), its claim under 19 U.S.C. § 1520(d) would still fail.  The CAFTA-DR Act's rules of origin require that a qualifying good originate in "one or more of the CAFTA-DR countries." 19 U.S.C. § 4033(b).  These countries include Nicaragua "for such time as [CAFTA-DR] is in effect between the United States and that country." 19 U.S.C. § 4033(n)(2)(B). Presitex imported the subject goods from Nicaragua in August and September

---

[7] Plaintiff's Response contains no argument that the remedy provided by 28 U.S.C. § 1581(a) is inadequate. <u>See</u> Plaintiff's Response.

2005.  See Entry Summaries.  CAFTA-DR entered into effect with respect to Nicaragua in April

2006, more than six months later.  See Proclamation 7996, 71 Fed. Reg. at 16,971.  Accordingly,

the goods did not "qualify[] under [CAFTA-DR's] rules at the time of importation." 19 U.S.C. §

1520(d).

**B**
**Presitex's 19 U.S.C. § 4034 Claim Is Not Ripe**

19 U.S.C. § 4034 requires the liquidation or reliquidation of an entry made prior to

CAFTA-DR's entry into force "with respect to [the country of origin] or any other CAFTA-DR

country" if a timely "request therefor is filed . . . that contains sufficient information to enable"

Customs to locate or reconstruct the entry and "determine that the good satisfies" certain other

requirements. 19 U.S.C. § 4034(a)-(c); see also 19 C.F.R. § 10.625.  To be timely, the request

must be "filed with the [Customs] port where the entry was originally filed within 90 days after

the date of the entry into force of [CAFTA-DR] for the last CAFTA-DR country." 19 C.F.R. §

10.625(c).

This court has not considered whether, and if so how, the protest provisions of 19 U.S.C.

§ 1514 apply to the refusal to liquidate or reliquidate an entry under 19 U.S.C. § 4034.  Such

liquidation or reliquidation is to occur "[n]othwithstanding [19 U.S.C. § 1514] or any other

provision of law." 19 U.S.C. § 4034(a); 19 C.F.R. § 10.625(a).  19 U.S.C. § 1514 references

other bases for liquidation and reliquidation as well as a different section of the CAFTA-DR Act,

but it is silent as to 19 U.S.C. § 4034.  See 19 U.S.C. § 1514(a), (h).

This ambiguity has jurisdictional implications.  If the refusal to reliquidate an entry under

19 U.S.C. § 4034 is not a protestable decision, then jurisdiction might exist under 28 U.S.C. §

1581(i) to directly review that refusal.  But if the refusal is a protestable decision, then

9

jurisdiction would exist under 19 U.S.C. § 1581(a) to review a denial of a protest to that refusal.

28 U.S.C. § 1581(a). In that case, as long as the remedy provided by 19 U.S.C. § 1581(a) is not

"manifestly inadequate," jurisdiction would not exist under 28 U.S.C. § 1581(i). Int'l Custom

Prods., 467 F.3d at 1327 (quoting Norcal/Crosetti Foods, 963 F.2d at 359); see also supra Part

IV.A.

Although courts would ordinarily "ask and answer" the question of subject-matter

jurisdiction, Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94, 118 S. Ct. 1003,

140 L. Ed. 2d 210 (1998), this action does not compel determination of the proper jurisdictional

basis for a 19 U.S.C. § 4034 claim. Courts may "choose among threshold grounds for denying

audience to a case on the merits." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S.

422, 431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (quoting Ruhrgas AG v. Marathon Oil Co.,

526 U.S. 574, 585, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999)). These grounds may be

constitutional or prudential in nature, since the "court makes no assumption of law declaring

power . . . when it decides not to exercise whatever jurisdiction it may have." Id. at 428

(quotations omitted), 431.[8]

---

[8] The Supreme Court has identified some of these grounds. See Ruhrgas, 526 U.S. at 577
(personal jurisdiction); Steel Co., 523 U.S. at 101 (Article III standing); Kowalski v. Tesmer, 543
U.S. 125, 129, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (prudential standing); Sinochem, 549
U.S. at 429 (forum non conveniens); Tenet v. Doe, 544 U.S. 1, 6 n.4, 125 S. Ct. 1230, 161 L. Ed.
2d 82 (2005) (Totten dismissal), Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 Ed. 2d 669
(1971) (Younger abstention), cited in Steel Co., 523 U.S. at 100; Chandler v. Judicial Council of
Tenth Circuit, 398 U.S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100 (1970) (exhaustion under the All
Writs Act), cited in Steel Co., 523 U.S. at 100; see also Ruhrgas, 526 U.S. at 577 (quoting Steel
Co., 523 U.S. at 100 (O'Connor, J. concurring) for the proposition that Steel Co. "did not catalog
an exhaustive list" of such grounds). In addition, where "the jurisdictional issue and the merits
are inextricably intertwined, and the former cannot be resolved without considering and deciding
(at least in part) the latter," this court may "bypass[] the jurisdictional question and decid[e] the
merits." Nippon Steel Corp. v. United States, 219 F.3d 1348, 1353 (Fed. Cir. 2000).

Supreme Court jurisprudence demonstrates that ripeness is one such ground. See Toca Producers v. Fed. Energy Reg. Comm'n, 411 F.3d 262, 265 (D.C. Cir. 2005).  Ripeness is a "justiciability doctrine" that "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Nat'l Park Hospitality Ass'n v. Dep't of the Interior, 538 U.S. 803, 807-08, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003) (quotations omitted).  These prudential reasons include a desire to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Id. (quotations omitted).[9]  "[E]ven in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion." Id. at 808 (citations omitted).

"In determining whether an appeal from an administrative determination is ripe for judicial review," courts look "to (1) 'the fitness of the issue for judicial decision' and (2) 'the hardship to the parties of withholding court consideration.'" Tokyo Kikai Seisakusho, Ltd. v. United States, 529 F.3d 1352, 1362 (Fed. Cir. 2008) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148-149, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967) (discussing discretionary remedies)).

---

[9] Other judicial and statutory mandates also limit judicial review of non-final agency action. See, e.g., supra Part IV.A (noting that jurisdiction under 28 U.S.C. § 1581(a)-(h) can preclude jurisdiction under 28 U.S.C. § 1581(i)); 19 U.S.C. § 4034(c) (conditioning liquidation or reliquidation on the timely filing of a proper request with Customs); 28 U.S.C. § 2637(d) (directing this court to, "where appropriate, require the exhaustion of administrative remedies" in actions relying on 28 U.S.C. § 1581(i), among others); Seafood Exps. Ass'n of India v. United States, 479 F. Supp. 2d 1367 (CIT 2007) (applying the Administrative Procedure Act's finality requirement to an action relying on 28 U.S.C. § 1581(i) (citing Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1304-06 (Fed. Cir. 2004)); Precision Specialty Metals, Inc. v. United States, 25 CIT 1375, 1382-83, 182 F. Supp. 2d 1314 (2001) (discussing the doctrine of primary jurisdiction).

11

Presitex's 19 U.S.C. § 4034 claim, however, does not even satisfy the prerequisite for this two-part test. Prior to April 2009, Customs had no opportunity to make any relevant administrative determination from which Presitex could have appealed, because Presitex did not request reliquidation of the subject entries pursuant to 19 U.S.C. § 4034.[10] Any claim based on Presitex's April 2009 request is not properly before this court, since Presitex filed its complaint in October 2008 and has not sought leave to file a supplemental complaint pursuant to USCIT Rule 15(d). Moreover, any such claim would be inappropriate for judicial review, as Customs has not yet made a final determination with respect to the underlying reliquidation request. <u>See</u> <u>supra</u> Part II; <u>see also</u> <u>Tokyo Kikai</u>, 529 F.3d at 1362 (discussing the first prong of the ripeness test).

Presitex has not demonstrated that it would suffer hardship if judicial review is withheld. Its April 2009 request was still pending before Customs as of August 28, 2009, <u>see</u> <u>supra</u> Part II,

---

[10] Presitex asserts without support that its September 2008 request "was filed in accordance with 19 U.S.C. § 4034 and 19 C.F.R. § 10.625." Plaintiff's Response at 6. This assertion appears to reflect Plaintiff's erroneous conflation of 19 U.S.C. § 1520(d) and 19 U.S.C. § 4034. <u>See</u> <u>supra</u> n.6. If the assertion is actually an argument that a request under 19 U.S.C. § 1520(d) can nonetheless satisfy the requirements of 19 U.S.C. § 4034, this court need not consider it. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." <u>Fujian Lianfu Forestry Co. v. United States</u>, 638 F. Supp. 2d 1325, 1350 (2009) (quoting <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990)). Regardless, Presitex's September 2008 request was unambiguously "a claim for refunds of duty and interest … pursuant to 19 U.S.C. § 1520(d)." Defendant's Reply at 8, 13 (quoting September 2008 Letter). Presitex made no reference to 19 U.S.C. § 4034, 19 C.F.R. § 10.625, or CAFTA-DR in this request. <u>See</u> September 2008 Letter; Defendant's Reply at 8, 13. Indeed, it made no such reference in any of its relevant correspondence with Customs prior to commencing this action. <u>See</u> <u>supra</u> Part II. Because the September 2008 request omitted any reference to 19 U.S.C. § 4034 and relied explicitly and exclusively on an entirely different statutory mechanism, it lacked "sufficient information to enable [Customs] … to determine that the good satisfies the" particular requirements of 19 U.S.C. § 4034. 19 U.S.C. § 4034.

and dismissal for lack of ripeness does not preclude recourse to this court upon conclusion of the administrative process, see 13B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (3d ed. 2004) § 3532.1 ("[I]t should be clear that dismissal for lack of ripeness is not a decision on the merits for purposes of preclusion by judgment.").

Customs cannot have refused an administrative request that Presitex did not make, and this court cannot review an administrative determination that Customs has not yet made. Accordingly, Presitex's 19 U.S.C. § 4034 claim is not ripe for adjudication.

## C
## The Customs Modernization Act Does Not Support Presitex's Claims

The Customs Modernization Act ("Mod Act"), as Title VI of the North American Free Trade Agreement Implementation Act is commonly called, made a number of changes to the statutory framework for Customs. See North American Free Trade Agreement Implementation Act, Title VI, P.L. 103-182, 107 Stat. 2057 (December 8, 1993). It required Customs to provide notice of and an opportunity for comment on certain proposed interpretive rulings and decisions that deviated from past practice or would limit the application of a court decision. See 19 U.S.C. § 1625(c) & (d). It also authorized Customs to "make available . . . all information, including [that which is] necessary for importers and exporters to comply with the Customs laws and regulations." Id. § 1625(e).

The Mod Act accordingly "implement[ed] the concept of 'informed compliance,' which is premised on the belief that importers have a right to be informed about customs rules and regulations, as well as interpretive rulings, and to expect certainty that the Customs Service will not unilaterally change the rules without providing importers proper notice and an opportunity for comment." S. Rep. No. 103-189 at 64 (1993); see also Int'l Custom Prods., 549 F. Supp. 2d

at 1390-94; <u>United States v. Optrex Am., Inc.</u>, 30 CIT 650, 667-68 (2006); <u>Am. Bayridge Corp.</u>
<u>v. United States</u>, 22 CIT 1129, 1144-52, 35 F. Supp. 2d 922 (1998) (subsequent history omitted).

      Presitex quotes similar language before asserting that Customs "had the obligation to
advise Presitex that it had to invoke section 1520(d) not section 1520(c)" and "had the obligation
to inform Presitex that its claim must be made under CAFTA-DR." Plaintiff's Response at 4.[11]
As Defendant replies, however, "Presitex provides no authority for [its] proposition that Customs
has an obligation under the Mod Act to inform individual importers of errors in their legal
strategy." Defendant's Reply at 11 (citing Plaintiff's Response at 3-4). In the case cited by
Presitex, the concept of informed compliance assisted this court's interpretation of a particular
provision of the Mod Act. <u>See</u> <u>Int'l Custom Prods.</u>, 549 F. Supp. 2d at 1393-94 (holding in part
that a Notice of Action issued by Customs "was an 'interpretive ruling or decision' within the
meaning of" 19 U.S.C. § 1625(c)). In this action, Presitex neither argues that Customs failed to
comply with 19 U.S.C. § 1625 nor explains how the concept of informed compliance is
otherwise relevant.

      Presitex's implicit denial of its responsibility to understand its own legal remedies is even
less persuasive because "importers are presumed to know the law." <u>Esso Standard Oil Co. (PR)</u>
<u>v. United States</u>, 559 F.3d 1297, 1307 (Fed. Cir. 2009) (holding in part that an importer's

---

[11] Any advice that Presitex "had to invoke section 1520(d)" would have been both
incorrect, because 19 U.S.C. § 1520(d) provides no cause of action under the instant facts, <u>see</u>
<u>supra</u> Part IV.A, and irrelevant, because Customs "[d]isagree[d]" with Presitex for a reason other
than the reference to 19 U.S.C. § 1520(c), <u>see</u> <u>supra</u> Part II (quoting Post Summary Adjustment
Coversheets). Moreover, Customs provided notice of its implementation of 19 U.S.C. § 4034 in
both the Federal Register and the Customs Bulletin. <u>See, e.g.</u>, <u>Dominican Republic—Central</u>
<u>America—United States Free Trade Agreement</u>, 73 Fed. Reg. 33,673 (June 13, 2008);
<u>Dominican Republic-Central America-United States Free Trade Agreement</u>, Customs Bulletin
and Decisions, Vol. 41, No. 24 at 1-9 (June 6, 2007).

14

reliance on a Customs regulation that had been contravened by statute was a mistake of law rather than a mistake of fact under former 19 U.S.C. § 1520(c)) (quoting V. Casazza & Bro. v. United States, 25 CCPA 184, 188 (1937) and citing Schrikker v. United States, 13 Ct. Cust. App. 562, 565 (1926)); cf. Customs Modernization and Informed Compliance Act: Hearing on H.R. 3935 Before the House Comm. On Ways and Means, Subcomm. On Trade, 102d Cong. 91 (1992) (statement of Comm'r Carol Hallet, U.S. Customs Service), quoted in Precision Specialty Metals, Inc. v. United States, 25 CIT 1375, 1388, 182 F. Supp. 2d 1314 (2001) ("The guiding principle in our discussions with the trade community is that of 'shared responsibility.' Customs must do a better job of informing the trade community of how Customs does business; and the trade community must do a better job to assure compliance with U.S. trade rules."). None of these authorities even imply that Customs is required to act as an importer's lawyer.

## V
## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED and this action is dismissed in its entirety.


　　　　　　　　　　　　　　__/s/ Evan J. Wallach____
　　　　　　　　　　　　　　Evan J. Wallach, Judge

Dated: January 26, 2010
　　　　New York, New York

15

UNITED STATES COURT OF INTERNATIONAL TRADE

_____

|  |  |  |  |
|---|---|---|---|
|  | : |  |  |
| PRESITEX USA INC., | : |  |  |
|  | : |  |  |
| Plaintiff, | : |  |  |
|  | : | Before: | WALLACH, Judge |
| v. | : | Court. No.: | 08-00379 |
|  | : |  |  |
| UNITED STATES, | : |  |  |
|  | : |  |  |
| Defendant. | : |  |  |
| _____ | : |  |  |

## <u>ORDER AND JUDGMENT</u>

This case having come before the court upon Defendant's Motion to Dismiss ("Defendant's Motion"); the court having reviewed all papers and pleadings on file herein and, after due deliberation, having reached a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED, AND DECREED that Defendant's Motion is GRANTED; and it is further

ORDERED that all parties shall review the court's Opinion in this matter and shall in writing on or before Wednesday, February 3, 2010 notify the court whether any information contained in the Opinion is confidential, identify any such information, and request its deletion from the public version of the Opinion to be issued thereafter. The parties shall suggest alternative language for any portions they wish deleted. If a party determines that no information needs to be deleted, that party shall so notify the court in writing on or before Wednesday, February 3, 2010.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: January 26, 2010
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                                            Deputy Clerk